PEOPLE, PLAINTIFF AND APPELLEE, *v.* MARTÍNEZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Arecibo in a Prosecution for Violation of the Workmen's Relief Act.

No. 1200.—Decided April 8, 1918.

BRIEF OF APPELLANT—FUNDAMENTAL ERRORS.—It is bad practice for appellants to omit to file written briefs, as required by Rule 42 of this court, and in such a case only fundamental errors will be considered.

WORKMEN'S RELIEF ACT—TRIAL BY JURY.—The appellant having been charged with violating section 16 of the Workmen's Relief Act of April 13, 1916, he has no right to a trial by jury.

ID. — INFORMATION. — An information which charges that the defendant has a bakery and regularly employs six workmen, whose wages do not exceed $1,200 annually; that he had not rejected the benefits of the Workmen's Relief Act, and that he wilfully and unlawfully failed to file with the Workmen's Relief Commission a duplicate statement showing the number of workmen employed by him who were entitled to the benefits of the act and the total amount of wages paid to said employees during the previous fiscal year, contains all the necessary allegations to charge the offense defined in section 16 of the said act.

ID. — WORKMAN — EMPLOYEE. — According to section 32 of the Workmen's Relief Act, the word "workman" or "employee" shall be interpreted to include any person engaged by an employer of workmen entitled to the benefits of the act, whether a man, a woman or a child.

The facts are stated in the opinion.

*Messrs. Santiago B. Palmer* and *V. Polanco de Jesús* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On April 28, 1917, the district attorney filed an information in the District Court of Arecibo charging José Martínez Reventós with the misdemeanor of violating section 16 of the Workmen's Relief Act of April 13, 1916, alleging the following facts:

"That the said José Martínez Reventós owned, prior to June 15, 1916, and now owns, a bakery in the town of Ciales, where he regularly employs six workmen, whose wages do not exceed $1,200 annually, and that at no time has the said José Martínez Reventós rejected the benefits of the Workmen's Relief Act.

"That in Ciales, of the Judicial District of Arecibo, P. R., and on or before July 15, 1916, defendant José Martínez Reventós wilfully an unlawfully failed to file with the Workmen's Relief Commission a duplicate statement under oath showing the number of workmen employed by him who were entitled to the benefits of the said act, the total amount of wages paid to said employees during the previous fiscal year and such other information as may be required by the Workmen's Relief Commission."

The defendant claimed his right to be tried by a jury under the Fifth Amendment to the Constitution of the United States and moved for dismissal on that ground. His motion was overruled and he excepted to the ruling.

He then demurred on the ground that the facts alleged in the information did not constitute a crime and the demurrer was overruled, to which he excepted.

At the trial the attorney for the defendant moved verbally for a nonsuit on the ground that the facts alleged in the information had not been established by the prosecution, and this motion was also overruled.

On June 1, 1917, the court rendered judgment convicting defendant José Martínez Reventós of violating section 16 of the Workmen's Relief Act and sentenced him to pay a fine of $500 and the costs, or in default of such payment to

imprisonment one day in jail for each dollar not paid, the term of imprisonment not to exceed ninety days.

The defendant having appealed from the said judgment, the transcript of the record, containing a statement of the case and bill of exceptions, was filed in the office of the clerk of this court, but no brief has been presented in support of the appeal although the defendant was represented by counsel at the hearing.

We have stated on previous occasions that it is bad practice for appellants to omit to file written briefs as required by Rule 42 of this court and that in such a case only fundamental errors will be considered. *People* v. *Colón,* 17 P. R. R. 973; *People* v. *Carrillo,* 19 P. R. R. 335; *People* v. *Calderón,* 19 P. R. R. 886; *People* v. *Laureano,* 20 P. R. R. 7; *People* v. *Pietri,* 22 P. R. R. 602.

In conformity with the said doctrine we will consider the alleged lack of jurisdiction of the District Court of Arecibo and the contention that the facts set up in the complaint do not constitute a crime, as these are fundamental errors.

As to the first error, which is based on the defendant's alleged right to a trial by jury, this assignment is without merit in view of the decisions of the Supreme Court of the United States of January 21, 1918, in the certiorari and habeas corpus cases of *José Muratti* and *Carlos Tapia.*

And as to the demurrer on the ground that the facts alleged in the information do not constitute a crime, we will consider the same in the light of the statute applicable to the case.

Section 16 of Act No. 19, for the Relief of Workmen, approved April 13, 1916, provides as follows in paragraphs 1 and 2:

"It shall be the duty of every employer of workmen, entitled to the benefits of this act, and who has not elected to reject the benefits of this act, to file with the Workmen's Relief Commission, on or before the fifteenth day of July in each year, a duplicate statement under oath showing the number of workmen employed by the said

employer and who were or would have been entitled to the benefits of this Act if the same had been in force and the employer should not have elected to reject the benefits thereof, and also the total amount of wages paid to said employees during the previous fiscal year, and such other information in regard to the wages of the said workmen as may be required to be furnished by the commission.

"The failure to file such statement on or before the date above specified shall constitute a misdemeanor, punishable by a fine of not less than fifty nor more than five hundred dollars, in the discretion of the court."

And according to section 23, the rejection by the employer of the benefits of the act shall be signified by filing with the Workmen's Relief Commission a written statement expressing such election on or before the fifteenth day of June, 1916, and on or before the thirtieth day of April of each succeeding year.

Under section 3 of the said act, its provisions shall not apply to any employer regularly employing less than five workmen, nor to any workmen receiving wages in excess of $1,200 a year.

Now, the information charges that on April 28, 1917, Martínez Reventós had a bakery in the town of Ciales which he had owned since June 15 of the previous year, where six workmen were regularly employed whose wages did not exceed $1,200 a year; that Martínez Reventós had not rejected the benefits of the Workmen's Relief Act, and that he wilfully and unlawfully failed to file with the Workmen's Relief Commission a duplicate statement showing the number of workmen employed by him who were entitled to the benefits of the act and the total amount of wages paid to said employees during the previous fiscal year. These are the elements that go to make up the offense defined in section 16 of the Workmen's Relief Act and therefore the information alleges all the facts necessary to constitute the said offense.

We have considered, moreover, the evidence examined at the trial and find that, according to the testimony of Oscar Cruzado, on June 14, 1916, Martínez Reventós was the owner

of a bakery in Ciales in which six workmen were employed, four men and two boys, the highest daily wage paid being $1.50. And the fact that the defendant did not reject the benefits of the Workmen's Relief Act in due form and omitted to file the information required are testified to by Vicente Laborde, the secretary of the Workmen's Relief Commission and the person in charge of the records thereof.

It is immaterial that the bakery was divided into three departments, one of which was used as a storehouse, another for mixing the bread and the other containing the oven, or that some worked in one department and the others in the other departments, or that two of the employees were boys, for according to section 32 of the Act, the word "workman" or "employee" shall be interpreted to include any person engaged by an employer of workmen entitled to the benefits of the act, whether a man, a woman or a child.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.